IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TYANA JOHNSON, Individually and**                                                                     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                        No. 2:23-cv-10601

**CELEBRITY MANAGEMENT COMPANY,**                                  **DEFENDANTS**
**and NICHOLAS FARANSO**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Tyana Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendants Celebrity Management Company and Nicholas Faranso (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq.* ("WOWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and WOWA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the WOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WOWA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Michigan has personal jurisdiction over Defendants, and Defendants therefore "reside" in Michigan.

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of the Eastern District of Michigan; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

7. Plaintiff is an individual and resident of Macomb County.

8. Separate Defendant Celebrity Management Company ("CMC") is a domestic, for-profit corporation.

9. CMC's registered agent for service of process is Nicholas Faranso at 12210 East 8 Mile Road, Detroit, Michigan 48205.

10. CMC does business as Tycoon's Executive Club.

11. Separate Defendant Nicholas Faranso ("Faranso") is an individual and resident of Oakland County.

## IV.     FACTUAL ALLEGATIONS

12.    Defendants own and operate an adult entertainment club that does business as Tycoon's Executive Club.

13.    Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages.

14.    Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15.    While employed by Defendants, Plaintiff engaged in interstate commerce and business transactions. Specifically, Plaintiff handled, sold, or otherwise worked with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages, by delivering food and beverage orders to patrons on a regular basis; cell phones, by regularly communicating with management regarding her work schedules over her cell phone; and the internet and music, by regularly selecting and streaming music necessary for her performances over the internet.

16.    Plaintiff also engaged in interstate commerce by regularly using credit cards to run transactions at the club.

17.    Faranso is a principal, director, officer, and/or owner of CMC.

18.    Faranso, in his role as an operating employer of CMC, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including

the day-to-day job duties that Plaintiff's job entailed, determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Faranso took an active role in operating CMC and in the management thereof.

20. Faranso, in his role as an operating employer of CMC, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, pay policy and the day-to-day job duties that Plaintiff's work entailed.

21. Defendants are an "employer" of Plaintiff within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

22. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23. Plaintiff was employed at Defendants' club in Detroit, Michigan called Tycoon's Executive Club (hereinafter "the Club").

24. Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

25. Specifically, Defendants employed Plaintiff as an Entertainer from September of 2020 until January of 2022 and as a Waitress from January of 2022 until July of 2022.

26. Defendants classified Plaintiff as an independent contractor and not covered by the overtime requirements of the FLSA.

27. Defendants also employed other Entertainers.

28. Defendants also classified other Entertainers as independent contractors.

29. Plaintiff performed stage dances and lap dances on Defendants' premises.

30. Other Entertainers had the same or similar duties as Plaintiff.

31. Defendants directly hired Plaintiff and other Entertainers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

32. Plaintiff and other Entertainers did not financially invest in Defendants' business.

33. Plaintiff and other Entertainers did not share in Defendants' profits or losses.

34. Defendants, not Plaintiff or other Entertainers, set prices for lap dances and private dances.

35. Defendants determined Plaintiff's and other Entertainers' pay scale for services without input from or negotiation with Plaintiff and other Entertainers.

36. Defendants, not Plaintiff or other Entertainers, decided whether and how many Entertainers to hire.

37. Plaintiff and other Entertainers were hired to work for Defendants for a continuous and ongoing period of time.

38. Plaintiff and other Entertainers did not select any employees for hire, nor did they have any ability to fire employees.

39. Plaintiff and other Entertainers did not have any control of or authority over any employee's rate of pay or working hours.

40. Defendants set the Club's policies and rules and had complete control over the venue.

41. Defendants required Plaintiff and other Entertainers to follow the Club's policies and rules.

42. Defendants made decisions on advertising Defendants' business without Plaintiff's and other Entertainers' input.

43. Defendants failed to pay Plaintiff the applicable minimum wage for all hours worked.

44. Upon information and belief, Defendants did not pay Plaintiff and other Entertainers an hourly or salary rate.

45. Defendants did not pay Plaintiff and other Entertainers any wage at all.

46. Plaintiff and other Entertainers received tips from Defendants' customers.

47. Plaintiff and other Entertainers were required to share their tips with Defendants, the DJ, the bouncer, the "house mom," and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

48. Defendants retained tips earned by Plaintiff and other Entertainers by requiring them to pay fees directly to the club from their tips.

49. Each shift, Plaintiff and other Entertainers were required to pay Defendants $80 or more to perform any dances.

50. Defendants regularly "fined" Plaintiff and other Entertainers for various "offenses," such as missing a stage set or a stage review.

51. When Plaintiff worked as a Waitress, she was paid solely in tips.

52. The tips which Plaintiff and other Entertainers were allowed to keep constituted the entirety of their pay.

53. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

54. Plaintiff worked over 40 hours in at least some weeks while employed by Defendants.

55. Upon information and belief, other Entertainers also regularly or occasionally worked over 40 hours in some weeks during their employment with Defendants.

56. Plaintiff and other Entertainers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

57. Plaintiff and other Entertainers are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

58. Plaintiff performed all of her work as an Entertainer on Defendants' premises.

59. Other Entertainers performed all of their work on Defendants' premises.

60. Defendants knew or should have known that Plaintiff and other Entertainers did not receive a lawful minimum wage for all hours worked.

61. Defendants knew or should have known that Plaintiff and other Entertainers worked hours over 40 in at least some weeks.

62. Defendants knew or should have known that Plaintiff and other Entertainers were working hours for which they were not paid a lawful overtime premium for all hours worked over 40.

63. Plaintiff's and other Dancers' time worked was recorded in a sign-in sheet at the front door.

64. When Plaintiff worked as a Waitress, she recorded her time worked through Defendants' point of sale (POS) system.

65. The net effect of Defendants' practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendants intentionally misclassified her as an independent contractor in order to avoid paying her a lawful minimum wage for all hours worked and an overtime premium for hours worked over forty each week.

66. Defendants made no reasonable efforts to ascertain and comply with applicable law.

67. Because Plaintiff was paid solely in tips, she incurred damages in each week that she was employed with Defendants.

68. Defendants knew or showed reckless disregard for whether the way they paid, and failed to pay, Plaintiff and other Entertainers violated the FLSA and the WOWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

69. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for all hours worked;

    B.    Overtime premiums for all hours worked over 40 in any week;

    C.    Liquidated damages; and

    D.    Attorneys' fees and costs.

70.    Plaintiff proposes the following collective under the FLSA:

**All Entertainers in the last three years.**

71.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

72.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

73.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid solely in tips;

    B.    They were not paid a sufficient minimum wage;

    C.    They were not paid an overtime premium for hours worked over 40 in a week;

    D.    They were subject to Defendants' common policy of classifying them as "independent contractors;"

    E.    They were subject to numerous other policies and practices as described above; and

    F.    They had the same or substantially similar job duties and requirements.

74. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 10 individuals.

75. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

76. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

77. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

78. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

79. At all relevant times, Defendants have been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

80. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

81. Defendants misclassified Plaintiff as an independent contractor and not covered by the overtime requirements of the FLSA.

82. Despite Plaintiff's entitlement to overtime wages, Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

83. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

84. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

85. Defendants unlawfully retained tips earned by Plaintiff.

86. Defendants knew or should have known that their actions violated the FLSA.

87. Defendants' conduct and practices, as described above, were willful.

88. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

89. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

90. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

91. Plaintiff, individually and on behalf of others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

93. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

94. Defendants misclassified Plaintiff and other similarly situated employees as independent contractors and not covered by the overtime requirements of the FLSA.

95. Defendants failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

96. Defendants failed to pay Plaintiff and other similarly situated employees a lawful minimum wage for all hours worked.

97. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

98. Defendants unlawfully retained tips earned by Plaintiff and others similarly situated.

99. Defendants knew or should have known that its actions violated the FLSA.

100. Defendants' conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

101. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations

which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

102. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

103. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the WOWA)

104. Plaintiff asserts this claim for damages and declaratory relief pursuant to the WOWA, MCL § 408.931, *et seq.*

105. Defendants were an "employer" within the meaning of the WOWA, MCLS § 408.932(d).

106. Plaintiff was an "employee" within the meaning of the WOWA, MCLS § 408.932(c).

107. The WOWA requires employers to pay employees a minimum wage for up to 40 hours each week and to pay 1.5x regular wages for all hours over 40 each week.

108. Defendants failed to pay Plaintiff a proper overtime premium for all hours worked over 40 per week.

109. Defendants failed to pay Plaintiff a sufficient minimum wage for all hours worked.

110.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the WOWA.

111.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid wages due to her in an amount to be determined at trial, plus liquidated damages and attorneys' fees, including costs.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tyana Johnson, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the WOWA and their attended regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the WOWA and their attended regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the WOWA and their attended regulations;

E.   An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TYANA JOHNSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com